IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| DEBORAH DAUGHETEE and STEVE DAUGHETEE,<br><br>   Plaintiffs,<br><br>vs.<br><br>CHR HANSEN, INC., a Wisconsin Corporation; AMERICAN POPCORN CO., an Iowa Corporation; BUSH BOAKE ALLEN, INC., A Virginia Corporation; CONAGRA FOODS, INC., A Delaware Corporation; DIAMOND FOODS, INC., a Delaware Corporation; FIRMENICH, INC., a Delaware Corporation; GENERAL MILLS, INC., a Delaware Corporation; GIVAUDAN FLAVORS CORPORATION, a Delaware Corporation; INTERNATIONAL FLAVORS & FRAGRANCES, INC., a New York Corporation; ODELL'S, a Nevada Corporation; SENSIENT FLAVORS, L.L.C., a Wisconsin Limited Liability Company; SYMRISE, INC., a New Jersey Corporation,<br><br>   Defendants. | No. C09-4100-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTIONS TO VOLUNTARILY DISMISS DEFENDANTS O'DELL'S AND DIAMOND FOODS, INC.** |

_____

## I. INTRODUCTION AND BACKGROUND

### A. *Procedural Background*

On May 10, 2010, plaintiffs Deborah Daughetee and Steven Daughetee ("the Daughetees") filed their First Amended Complaint against defendants, all manufacturers of microwave popcorn or popcorn butter-flavorings, including defendants O'Dell's and Diamond Foods, Inc. ("Diamond Foods"), alleging claims of negligence, breach of warranty and loss of consortium. The Daughetees' claims stem from Deborah's alleged respiratory injury resulting from her exposure to popcorn containing butter flavorings containing diacetyl. The First Amended Complaint alleges that this court has subject matter jurisdiction by virtue of diversity of citizenship of the parties, 28 U.S.C. § 1332.

After O'Dell's and Diamond Foods each filed motions to dismiss for improper venue, the Daughetees filed motions to voluntarily dismiss both defendants without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (docket nos. 128 and 129). In their motion to dismiss O'Dell's, the Daughetees assert that, after investigating, it "appears" that O'Dell's's products did not cause or contribute to Deborah's respiratory condition. On the other hand, in their motion to voluntarily dismiss Diamond Foods, the Daughetees maintain that they are seeking to dismiss Diamond Foods because it "appears" that General Mills, Inc. ("General Mills"), as predecessor to Diamond Foods, is assuming liability for the microwave popcorn it manufactured, distributed, or sold during the relevant time periods of this lawsuit. Diamond Foods filed a response to the Daughetees' motion to voluntarily dismiss in which it argues that the Daughetees' reason for seeking to dismiss, that General Mills will bear any liability for the Daughetees' claims involving Pop Secret Popcorn, warrants dismissal with prejudice. Diamond Foods further asserts that the Daughetees' reason for not seeking to dismiss with prejudice, that they might have to re-file their suit against Diamond Foods if they later learn that it has liability for products that

2

caused or contributed to Deborah's respiratory condition, smacks of game playing. No other defendants have responded to this motion. Although O'Dell's has not filed a response to the Daughetees' motion to voluntarily dismiss, defendants General Mills, Bush Boake Allen Inc. ("Bush Boake"), Conagra Foods, Inc. ("Conagra"), CHR Hansen, Inc. ("CHR Hansen"), Givaudan Flavors Corp. ("Givaudan"), International Flavors & Fragrances, Inc.("IFF" ) and Sensient Flavors, L.L.C. ("Sensient") each filed a resistance to the Daughetees' motion or joined a resistance filed by another defendant. These defendants argue that the Daughetees' motion to voluntarily dismiss O'Dell's should be denied because the Daughetees have not provided a sufficient reason to permit the dismissal. These defendants further contend that O'Dell's's dismissal would waste judicial time and effort since the Daughetees are free to re-file against it. In addition, they argue that dismissal of O'Dell's would prejudice the remaining defendants because dismissal would deprive them of their defense of improper venue. Finally, these defendants assert that O'Dell's is an indispensable party to the litigation. The Daughetees filed a reply brief in support of its motion to voluntarily dismiss O'Dell's. In their reply brief, the Daughetees argue that their conclusion that there is a lack of medical causation between O'Dell's's products and Deborah's respiratory condition is a sufficient reason to seek O'Dell's's dismissal. The Daughetees also contend that O'Dell's is not an indispensable party and that O'Dell's's dismissal will not result in a waste of judicial resources.

## II. LEGAL ANALYSIS

Although the Daughetees have labeled their two motions as motions for voluntary dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(2), thus requesting permission from the court to dismiss O'Dell's and Diamond Foods, the court construes the motions as notices of voluntary dismissal pursuant to Rule 41(a)(1) because no answer or motion for

3

summary judgment has been filed by either O'Dell's or Diamond Foods in this case. *See, e.g., Williams v. Clarke,* 82 F.3d 270, 272 (8th Cir. 1996); *Woody v. City of Duluth,* 176 F.R.D. 310, 313 (D. Minn. 1997); *Cf.* FED. R. CIV. P. 8(e)( "Pleadings shall be construed so as to do justice."). Rule 41(a)(1) states in relevant part:

> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> > (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . .

FED. R. CIV. P. 41(a)(1).

Under Rule 41(a)(1), the Daughetees are permitted to voluntarily dismiss an action as a matter of right anytime before an answer or a motion for summary judgment has been filed by a defendant. *See Vanover v. Bohnert*, 11 Fed. App'x 679, 681 (8th cir. 2001); *Safeguard Business Sys., Inc. v. Hoeffel*, 907 F.2d 861, 863 (8th Cir. 1990); *Williams,* 82 F.3d at 272; *Woody,* 176 F.R.D. at 310; *see also Bailey v. Shell W. E & P, Inc.*, 609 F.3d 710, 719 (5th Cir.) ("Dismissal under Rule 41(a)(1) is 'a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.'") (quoting *Am. Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir. 1963)), *cert. denied*, 131 S. Ct. 428 (2010); *Jackson v. United States*, 245 Fed. App'x 258, 259 (4th Cir. 2007) ("A voluntary dismissal under Rule 41(a)(1)(i) is 'a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required.'") (quoting *In re Matthews,* 395 F.3d 477, 480 (4th Cir. 2005) (internal quotation marks omitted)); *In re Painewebber Ltd. P'ship Litig.*, 147 F.3d 132, 136 (2nd Cir. 1998) ("Rule 41(a)(1), which governs voluntary dismissals of actions, permits dismissal as a matter of right prior to the service of an answer or a motion for summary judgment."); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997)("Under Rule

41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment."). The Eighth Circuit Court of Appeals has instructed that in reviewing a dismissal pursuant to Rule 41(a)(1), it will "'consider only whether an answer or a motion for summary judgment was filed before the notice of voluntary dismissal.'" *Williams,* 82 F.3d at 272 (quoting *Safeguard,* 907 F.2d at 861). The court of appeals further observed that "because the rule permits dismissal as of right, it requires only notice to the court, not a motion, and the permission or order of the court is not required." *Safeguard,* 907 F.2d at 861. Here, it is undisputed that neither O'Dell's nor Diamond Foods has filed an answer or a motion for summary judgment in this case. Although defendant American Popcorn Co. has filed answer to the Amended Complaint, a Rule 41(a) dismissal can apply to less than all of the defendants in a case and the plaintiff may dismiss some or all of the defendants who have not served an answer or motion for summary judgment. *See Johnston v. Cartwright*, 344 F.2d 773, 774 (8th Cir. 1965); *see also Wilson*, 111 F.3d at 692; *Concha v. London,* 62 F.3d 1493, 1506 (9th Cir. 1995)*; Pedrina v. Chun,* 987 F.2d 608, 609 (9th Cir. 1993); *Wakefield v. Northern Telecom, Inc.,* 769 F.2d 109, 114 n. 4 (2d Cir. 1985); *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.,* 474 F.2d 250, 253-55 (5th Cir. 1973); *Guerro v. Bluebeard's Castle Hotel Inc.*, 982 F. Supp. 343, 348 (D.V.I. 1997). *But see Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105 (2d Cir.) (holding that Rule 41(a) may be invoked only to dismiss an entire action but not to dismiss only one of several defendants), *cert. denied,* 345 U.S. 964 (1953).

In addition, although O'Dell's and Diamond Foods have each filed motions to dismiss for improper venue, the Eighth Circuit Court of Appeals has held that a plaintiff only loses the right to dismiss under 41(a)(1) when an "answer" or "motion for summary judgment" has been filed by the defendant. "These two instances have been construed

strictly and exclusively." *Safeguard,* 907 F.2d at 864; *see Foss v. Federal Intermediate Credit Bank,* 808 F.2d 657, 660 (8th Cir. 1986); *see also In re Bath and Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 (3rd Cir. 2008); *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1066 (3rd Cir. 1987); *Winterland Concessions Co. v. Smith,* 706 F.2d 793, 795 (7th Cir. 1983); *Merit Ins. Co. v. Leatherby Ins. Co.,* 581 F.2d 137, 143 & n. 6 (7th Cir. 1978); *Carter v. United States,* 547 F.2d 258, 259 (5th Cir. 1977). Thus, the filing of motions to dismiss in this case does not deprive the Daughetees of their right to voluntarily dismiss both defendants under Rule 41(a)(1). *See In re Bath and Kitchen Fixtures Antitrust Litig.*, 535 F.3d at 166 ("Because a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice."); *see also* Woody, 176 F.R.D. at 314; *Hughes v. Standard Hardware Distrib., Inc.*, Civil No. 10-cv-207-SM, 2010 WL 3895910, at *2-3 (D.N.H. 2010); *Black Ride III, Inc. v. West,* No. Civ. A. 104CV01027RBW, 2005 WL 1522055, at *3 (D.D.C. June 28, 2005). Therefore, since neither O'Dell's nor Diamond Foods has filed either an answer or a motion for summary judgment, the Daughetees are permitted, pursuant to Rule 41(a)(1), to voluntarily dismiss their claims against O'Dell's and Diamond Foods as a matter of right. Accordingly, the Amended Complaint is dismissed as to O'Dell's and Diamond Foods.

### III. CONCLUSION

For the reasons discussed above, the Daughetees' motions to voluntarily dismiss defendant O'Dell's and Diamond Foods, Inc. (docket nos. 128 and 129), as construed by the court, are granted pursuant to Federal Rule of Civil Procedure 41(a)(1). Defendant O'Dell's's Motion to Dismiss Plaintiffs' First Amended Complaint (docket no. 108) and

defendant Diamond Foods, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (docket no. 116) are denied as moot.

**IT IS SO ORDERED.**

**DATED** this 17th day of March, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA