IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| DEBORAH DAUGHETEE and STEVE DAUGHETEE,<br><br>    Plaintiffs,<br><br>vs.<br><br>CHR HANSEN, INC., a Wisconsin Corporation; AMERICAN POPCORN CO., an Iowa Corporation; BUSH BOAKE ALLEN, INC., A Virginia Corporation; CONAGRA FOODS, INC., A Delaware Corporation; FIRMENICH, INC., a Delaware Corporation; GENERAL MILLS, INC., a Delaware Corporation; GIVAUDAN FLAVORS CORPORATION, a Delaware Corporation; INTERNATIONAL FLAVORS & FRAGRANCES, INC., A New York Corporation; SENSIENT FLAVORS, L.L.C., a Wisconsin Limited Liability Company; SYMRISE, INC., a New Jersey Corporation,<br><br>    Defendants. | No. C09-4100-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS FOR IMPROPER VENUE** |

_____

**TABLE OF CONTENTS**

*I.* ***INTRODUCTION AND BACKGROUND*** . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.* *Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B.* *Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   A. *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   B. *Venue Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      1. *General venue statute* . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      2. *When is venue determined?* . . . . . . . . . . . . . . . . . . . . . . 8
      3. *Personal jurisdiction generally* . . . . . . . . . . . . . . . . . . . 12
      4. *Personal jurisdiction based on consent or waiver* . . . . . . . . 16

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# I. INTRODUCTION AND BACKGROUND

## A. *Procedural Background*

On May 10, 2010, plaintiffs Deborah Daughetee and Steven Daughetee ("the Daughetees") filed their First Amended Complaint against defendants, all manufacturers of microwave popcorn or popcorn butter-flavorings, alleging claims of negligence, breach of warranty and loss of consortium. Plaintiffs' claims all stem from Deborah's alleged respiratory injury resulting from her exposure to popcorn containing butter flavorings containing diacetyl. The First Amended Complaint alleges that this court has subject matter jurisdiction by virtue of diversity of citizenship of the parties, 28 U.S.C. § 1332.

Defendants Bush Boake Allen Inc., International Flavors & Fragrances, Inc., ConAgra Foods, Inc., Sensient Flavors, L.L.C., Symrise, Inc., General Mills, Inc., Firmenich Inc. ("the moving defendants") have each filed motions to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and/or joinders to such motions

(docket nos. 107, 109, 113, 114, 115, and 117). In their motions, the moving defendants contend that venue is improper in this court under § 1391(a)(1) because one co-defendant, O'Dell's, does not reside in Iowa. The moving defendants argue that because all defendants do not reside in Iowa, venue under § 1391(a)(1) is improper. The Daughetees have filed a unified response to the moving defendants' motions. The Daughetees argue that the fact that O'Dell's does not reside in Iowa is immaterial to the issue of venue because they have sought to voluntarily dismiss O'Dell's.[1] The moving defendants have filed reply briefs in which they argue that the Daughetees' motion to voluntarily dismiss O'Dell's should be denied because dismissal of O'Dell's would prejudice the remaining defendants because its dismissal would deprive them of their defense of improper venue.

## B. *Factual Background*

Plaintiffs Deborah Daughetee and Steven Daughetee are married and residing in Albuquerque, New Mexico. Defendant CHR Hansen, Inc. ("CHR Hansen") is a Wisconsin corporation with its principal place of business outside of New Mexico. Deborah purchased, prepared, and consumed microwave popcorn manufactured by defendants American Pop Corn Company ("American Pop Corn"), ConAgra Foods, Inc. ("Conagra") and General Mills, Inc. ("General Mills").

CHR Hansen supplied butter flavoring to ConAgra for use in its Hamburg, Iowa, plant. CHR Hansen's butter flavoring was added to ConAgra's Act II brands of microwave popcorn. CHR Hansen has a registered agent in Iowa for the purpose of service of process. Defendant American Pop Corn is an Iowa corporation with its principle place of business

---

[1] Since the filing of the Daughetees' unified response, O'Dell's has been dismissed as a party to this case pursuant to Federal Rule of Civil Procedure 41(a)(1).

in Sioux City, Iowa. American Pop Corn has a registered agent in Iowa. Defendant ConAgra is a Delaware corporation with its principal place of business outside of New Mexico. ConAgra operates a popcorn plant in Hamburg, Iowa. ConAgra's Hamburg popcorn plant has produced microwave popcorn since 1991 including Act II Movie Theater Butter popcorn since 1992 and Act II Butter popcorn since 1994. ConAgra has a registered agent in Iowa. Defendant Firmenich Inc. ("Firmenich") is a Delaware corporation with its principal place of business outside of New Mexico. Defendant General Mills is a Delaware corporation with its principal place of business outside of New Mexico. From 1985 to the mid-1990's, General Mills operated a plant in Cedar Rapids, Iowa, where it manufactured microwave popcorn. From the mid-1990's to 2005, General Mills operated a plant in Iowa City, Iowa, where it manufactured microwave popcorn. General Mills has authorized the Iowa Secretary of State to be its registered agent in Iowa. Defendant Givaudan Flavors Corp. ("Givaudan") is a Delaware corporation with its principal place of business outside of New Mexico. Givaudan supplied butter flavoring to American Pop Corn's plant in Sioux City, Iowa, where its butter flavoring was added to American Pop Corn's Jolly Time popcorn brand. Defendant International Flavors & Fragrances, Inc. ("IFF") is a New York Corporation with its principal place of business outside of New Mexico. Defendant Bush Boake Allen Inc. ("BBA") is a Virginia Corporation with its principal place of business outside of Iowa or New Mexico. In 2000, IFF merged with BBA and IFF expressly or impliedly agreed to assume BBA's liabilities and debts. IFF is a continuation of BBA. BBA supplied butter flavoring to ConAgra's plant in Hamburg, Iowa, where its butter flavoring was added to ConAgra's Act II and Orville Redenbacher popcorn brands. Defendant Sensient Flavors, L.L.C. ("Sensient") is a Wisconsin limited liability company with its principal place of business outside of New Mexico. Sensient supplied butter flavoring to American Pop Corn's plant in Sioux City, Iowa, where its butter flavoring was

added to American Pop Corn's Jolly Time popcorn brand. Defendant Symrise Inc. ("Symrise") is a New Jersey corporation with its principal place of business outside of New Mexico. Symrise supplied butter flavoring to General Mills's plant in Iowa City, Iowa, where its butter flavoring was added to General Mills's Pop Secret popcorn brand.

## II. LEGAL ANALYSIS

### A. Standard of Review

Rule 12(b)(3) allows a defendant to challenge venue in a pre-answer motion. *See* FED. R. CIV. P. 12(b)(3). When reviewing a motion to dismiss for improper venue made pursuant to Rule 12(b)(3), the court applies the same standard used for other motions to dismiss. *See Safco Prods. Co. v. WelCom Prods., Inc.*, 730 F. Supp.2d 959, 964 (D. Minn. 2010); *Laseraim Tools, Inc. v. SDA Mfg., L.L.C.*, 624 F. Supp.2d 1027, 1033 (D. Ark. 2008); *Transocean Group Holdings Pty Ltd. v. South Dakota Soybean Processors*, 505 F. Supp.2d 573, 575 (D. Minn. 2007). The court must construe all facts in the light most favorable to the non-moving party, here the Daughetees, and take the facts alleged in the complaint as true. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004); *Safco Prods. Co.*, 730 F. Supp.2d at 964; *Laseraim Tools, Inc.*, 624 F. Supp.2d at 1033; *Transocean Group Holdings PTY Ltd.*, 505 F. Supp.2d at 575. The Eighth Circuit Court of Appeals has held that when a defendant seeks dismissal for improper venue, that defendant bears the burden of establishing improper venue. *See United States v. Orshek,* 164 F.2d 741, 742 (8th Cir. 1947); *Safco Prods. Co.*, 730 F. Supp.2d at 964 (citing *Orshek*, 164 F.2d at 742)*; Transocean Group Holdings PTY Ltd.*, 505 F. Supp.2d at 575 (same); *Brigdon v. Slater,* 100 F. Supp. 2d 1162, 1164 (W.D. Mo. 2000) (same); *see also*

*Laseraim Tools, Inc. v. SDA Mfg., L.L.C.*, 624 F. Supp.2d at 1033.[2]  However, unlike

---

[2]There is a split of authority among the Circuits regarding who bears the burden of proof in a challenge to venue.  *Compare Orshek*, 164 F.2d at 742, and *Myers v. Am. Dental Ass'n,* 695 F.2d 716, 724-25 (3rd Cir. 1982) (holding that it is defendant's burden) with *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 355 (2d Cir. 2005) and *Bartholomew v. Virginia Chiropractors Ass'n,* 612 F.2d 812, 816 (4th Cir. 1979) (holding that it is plaintiff's burden).  In *Myers,* the Third Circuit Court of Appeals determined that the moving party has the burden of establishing that venue is improper.  The court explained that "[b]ecause federal courts are courts of limited jurisdiction, a presumption arises that they are without jurisdiction until the contrary affirmatively appears." *Myers*, 695 F.2d at 724.  As a result, in a motion to dismiss for lack of jurisdiction, the plaintiff bears the burden of establishing jurisdiction.  The court observed that venue, unlike jurisdiction, "is not whether the court has authority to hear the case but simply where the case may be tried . . . a motion to dismiss for improper venue is not an attack on jurisdiction but only an affirmative dilatory defense . . . It logically follows therefore that on a motion for dismissal for improper venue under Rule 12 the movant has the burden of proving the affirmative defense asserted by it." *Id*.  Although recognizing that other federal courts place the burden on the plaintiff to establish proper venue, the court concluded that "these cases confuse jurisdiction with venue or offer no reasons to support their position." *Id*. In contrast, in *Gulf Ins. Co.*, the Second Circuit Court of Appeals assigned the burden of establishing venue in a district to plaintiff, adopting and applying the standard of review for Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction to Rule 12(b)(3) motions to dismiss for improper venue. *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d at 355; *see* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1352 (3d ed. 2004) ("A number of federal courts have concluded that the burden of [proving that venue is improper] is on the defendant, since venue is a 'personal privilege' that can be waived and a lack of venue should be established by the party asserting it.  On the other hand, an equal (perhaps a larger) number of federal courts have imposed the burden on the plaintiff in keeping with the rule applied in the context of subject matter and personal jurisdiction defenses.  The latter view seems correct inasmuch as it is the plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue.").  While there may be valid arguments for requiring a plaintiff to establish venue, the Eighth Circuit Court of Appeals's *Orshek* decision is controlling here.  The court notes that while several district courts within the Eighth Circuit have

(continued…)

motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), when ruling on a motion to dismiss for improper venue, the court may consider matters outside the pleadings. *See Liles v. Ginn-La West End, Ltd.*, 631 F.3d 1242, 1244 n.5 (11th Cir. 2011); *Doe 1 v. AOL L.L.C.,* 552 F.3d 1077, 1081 (9th Cir. 2009); *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.,* 471 F.3d 544, 550 (4th Cir. 2006); *Continental Cas. Co. v. American Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005); *Pierce v. Shorty Small's of Branson Inc.,* 137 F.3d 1190, 1192 (10th Cir. 1998).

### B. Venue Analysis

#### 1. General venue statute

The general venue statute, 28 U.S.C. § 1391(a), governs in this case because jurisdiction is founded solely on the basis of diversity of citizenship. 28 U.S.C. § 1391(a). Pursuant to § 1391(a), venue is proper under the following circumstances:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

---

[2](…continued)
placed the burden of establishing venue on the plaintiff, *see Beckley v. Auto Profit Masters, L.L.C.,* 266 F. Supp. 2d 1001, 1003 (S.D. Iowa 2003); *Orshek. Davis v. Advantage Int'l, Inc.,* 818 F. Supp. 1285, 1286 (E.D. Mo. 1993); *Pfeiffer v. International Academy of Biomagnetic Med.,* 521 F. Supp. 1331, 1336 (W.D. Mo 1981), none of these decisions have discussed, or even cited, *Orshek*.

28 U.S.C. § 1391(a).

All of the defendants in this case are corporations. For purposes of the general venue statute, venue is controlled by 28 U.S.C. § 1391(c), which provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c).

### 2. *When is venue determined?*

The moving defendants contend that venue is improper in this court under § 1391(a)(1) because O'Dell's does not reside in Iowa. As a result, the moving defendants argue that because all defendants do not reside in Iowa, venue under § 1391(a)(1) is improper. The Daughetees counter that the fact that O'Dell's does not reside in Iowa is immaterial to the issue of whether venue lies in this court because O'Dell's should no longer be considered a party to this lawsuit since they have sought to voluntarily dismiss O'Dell's. Thus, the question is whether the court must consider O'Dell's in accessing whether all defendants reside in Iowa. The court concludes that it need not consider O'Dell's in determining venue in this case. The Daughetees' argument that venue should be evaluated, not when their complaint was filed, but rather on the date this court considers the moving defendants' motions to dismiss, is grounded on the Eighth Circuit Court of

Appeals's decision in *Knowlton v. Allied Van Lines, Inc.,* 900 F.2d 1196 (8th Cir. 1990). In *Knowlton*, the plaintiff, who was injured in an automobile accident, which occurred in Iowa, brought suit for personal injuries against two corporate defendants in Minnesota, one of which did not reside in Minnesota. *Id.* at 1197-98. The plaintiff subsequently admitted that the district court in Minnesota could not exercise personal jurisdiction over the defendant who did not reside in Minnesota and dismissed her claim against that defendant. *Id*. at 1198 n.2. The remaining defendant argued, *inter alia*, that venue was improper in Minnesota because at the time the complaint was filed both defendants did not reside in Minnesota. *Id*. at 1200. Disagreeing with the remaining defendant, the Eighth Circuit Court of Appeals concluded that venue was proper in Minnesota under § 1391(a), holding that "[i]t is proper to assess the propriety of venue on the basis of circumstances as they now exist, as opposed to the state of affairs that obtained when the complaint was first filed against two defendants." *Id.*; *see Brown v. Bandai Am., Inc.,* No. 01-0442R, 2001 WL 720464, at *1 (N.D. Tex. June 25, 2001) (holding that a plaintiff is entitled "to take steps, such as dismissing a defendant, in order to preserve his original choice of venue."); *Hickey v. St. Martin's Press, Inc.,* 978 F. Supp. 230, 240 (D. Md. 1997) ("Where, as here, a lawsuit has become reconstituted since the filing of the amended complaint, a court should reassess venue on the basis of the circumstances as they now exist as opposed to the state of affairs when the complaint was first filed.").

The moving defendants, on the other hand, point to a line of authorities holding that venue is determined at the time of filing. *See Flowers Indus. v. F.T.C.,* 835 F.2d 775, 776 n.1 (11th Cir. 1987) (holding that "venue must be determined based on the facts at the time of filing [the complaint]."); *Exxon Corp. v. F.T.C.,* 588 F.2d 895, 899 (3d Cir. 1978) (holding that "venue is determined at the outset of the litigation and is not affected by a subsequent change in parties."); *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp.2d 1290,

1303 (N.D. Ala. 2003) (holding that venue is determined at the time the complaint is filed); *Holmes v. Energy Catering Servs., L.L.C.*, 270 F. Supp. 2d 882, 885 (S.D. Tex. 2003) (concluding that "[u]der section 1391, venue is determined when the suit is filed and is not affected by subsequent events such as the dismissal of a defendant, as occurred here."); *Horihan v. Hartford Ins. Co. of the Midwest,* 979 F. Supp. 1073, 1076 (E.D. Tex. 1997) (holding that "[t]he district in which proper venue lies is determined at the time the complaint is filed and is not affected by a subsequent change of parties."); *Sidco Indus., Inc. v. Wimar Tahoe Corp.,* 768 F. Supp. 1343, 1346 (D. Or. 1991) (holding that "[v]enue is to be determined as of the time the complaint was filed and is not affected by a subsequent change of parties."); *Concord Labs, Inc., v. Ballard Med. Prods.,* 701 F. Supp. 272, 277 (D.N.H. 1988) (noting that "venue is determined as of the date the complaint was filed."); *Louwers v. Knight-Ridder Newspapers, Inc.,* 570 F. Supp. 1211, 1212 (E.D. Mich. 1983) ("Venue is determined as of the date in which the action was filed."); *Hill v. Equitable Trust Co.*, 562 F. Supp. 1324, 1332 (D.C. Del. 1983) (observing that factual circumstances governing venue are determined as of the time the complaint was filed). However, this court is bound to follow *Knowlton* since it represents the controlling law in the Eighth Circuit, even if it reflects a minority view on the issue. *See Pichoff v. QHG of Springdale, Inc.*, 556 F.3d 728, 732 (8th Cir. 2009); *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003). Therefore, under *Knowlton*, the court must assess whether venue is proper based on the circumstances as they currently exist. Because O'Dell's has been dismissed from this case, the court need not consider it in its venue calculus. Rather, the question the court must determine is whether all of the remaining defendants reside in the Northern District of Iowa, so that venue is proper under § 1391(a)(1).

The moving defendants also contend that venue is improper under § 1391(a)(1) because ConAgra's Hamburg, Iowa, microwave popcorn plant is located in the Southern

District of Iowa and not in the Northern District of Iowa. The moving defendants' argument confuses and jumbles the venue requirements of § 1391(a)(1) with the corporate residency requirements of § 1391(c). Under § 1391(a)(1), venue is proper in "a judicial district where *any* defendant resides, if *all* defendants reside in the same State. . ." 28 U.S.C. § 1391(a)(1) (emphasis added). Thus, § 1391(a)(1) permits venue in a judicial district where a single defendant resides so long as that district is within a state in which all defendants reside. *See Dashman v. Peter Letterese & Assocs., Inc.*, 999 F. Supp.553, 555 (S.D.N.Y. 1998) ("The language of § 1391(a)(1) contemplates venue in a judicial district within the state in which all defendants reside."); *see also Swanson v. Endres*, No. 07 C 1185, 2007 WL 1655230, at *2 (N.D. Ill. June 6, 2007) (noting that "[u]nder [1391(a)(1)] subsection, because both defendants reside in the same state, venue is proper in any district in which either one of the defendants resides."); *Mandic v. Chiocchio*, Nos. L-06161, L-06-162, 2007 WL 101806, at *1 (S.D. Tex. Jan. 8, 2007) ("The proper construction of [§ 1391(a)(1)] is that if all defendants reside in the same State, then venue may lie in that State, in the judicial district where either defendant resides."); *Chavis v. A-1 Limousine*, No. 95 CIV. 9560(LAP), 1998 WL 78290, at *2 (S.D.N.Y. Feb. 24, 1998) (noting that "a corporate defendant 'resides' in any district in which it is subject to personal jurisdiction. Accordingly, if both defendants are subject to personal jurisdiction in New York, they each will be deemed to 'reside' in the 'same state' under § 1391(a)(1). Under such circumstances, venue will be proper in the Southern District so long as one of those defendants 'resides', *i.e.,* is subject to personal jurisdiction, in the Southern District.").

As noted above, for purposes of determining venue, a corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). If the defendant is subject to personal jurisdiction in a state which has more than one judicial district, the corporation is

deemed to reside "in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State" or, if no such district exists, the corporation is deemed "to reside in the district within which it has the most significant contacts." *Id.* In this case, it is uncontested that American Pop Corn resides in the Northern District of Iowa since it is an Iowa corporation with its principal place of business in the Northern District of Iowa, Sioux City, Iowa. *See Norworthy v. Mystic Transport, Inc.*, 430 F. Supp.2d 631, 634 (E.D. Tex. 2006) ("A corporation is a citizen and therefore subject to personal jurisdiction in both its state of incorporation and the state of its principal place of business."); *Cognitronics Imaging Sys. v. Recognition Research Inc.,* 83 F. Supp. 2d 689, 693 (E.D. Va. 2000) (finding that the resident corporation with its principal place of business in the jurisdiction would "clearly" be subject to personal jurisdiction); *see also* 28 U.S.C. § 1332(c)(1) ( "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."). Therefore, since American Pop Corn resides in the Northern District of Iowa, venue is proper in this district under § 1391(a)(1) if all of the other defendants "reside" in Iowa. Thus, the moving defendants bear the burden of demonstrating that at least one defendant does not reside in Iowa. In other words, the moving defendants must demonstrate that at least one defendant is not subject to personal jurisdiction in Iowa. This they have not done nor can they do.

   **3.** ***Personal jurisdiction generally***

"'A federal court in a diversity action may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause.'" *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting *Morris v. Barkbuster, Inc.,* 923 F.2d 1277, 1280 (8th Cir. 1991); *see Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994). Iowa's long-arm

statute[3] "expands Iowa's jurisdictional reach to the widest due process parameters allowed by the United States Constitution." *Hammond v. Florida Asset Fin. Corp.*, 695 N.W.2d 1, 5 (Iowa 2005) (discussing Iowa Rule of Civil Procedure 1.306); *see Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (quoting *Hammond*, 695 N.W.2d at 5). As a result, the court's "inquiry is limited to whether the exercise of personal jurisdiction comports with due process." *Wells Dairy, Inc.*, 607 F.3d at 518; *see Bell Paper Box, Inc. v. U.S. Kids, Inc.* (*Bell Paper I*), 22 F.3d 816, 818 (8th Cir. 1994) ("[W]hen a state construes its long-arm statute to confer jurisdiction to the fullest extent permitted by the due process clause . . . the inquiry collapses into the single question of whether exercise of personal jurisdiction comports with due process.").

"The Due Process Clause requires 'minimum contacts' between the nonresident defendant and the forum state before the court may exercise jurisdiction over the defendant." *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). The Eighth Circuit Court of Appeals has explained sufficient minimum contacts as follows:

> "Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that he should

---

[3] Iowa's long-arm statute is located in two places: Iowa Code § 617.3 and Iowa Rule of Civil Procedure 1.306. Section 617.3 provides for the service of "foreign corporations or nonresidents contracting or committing torts in Iowa," Iowa Code § 617.3 (2006), and Rule 1.306 provides for an "[a]lternative method of service" that applies to "every corporation, individual, personal representative, partnership or association," Iowa R. Civ. P. 1.306. Rule 1.306 is the provision that specifically extends Iowa's jurisdictional reach to the federal constitutional limits. *See Hammond v. Florida Asset Fin. Corp.*, 695 N.W.2d 1, 5 (Iowa 2005); *Larsen v. Scholl*, 296 N.W.2d 785, 788 (Iowa 1980) (noting that Iowa Rule of Civil Procedure 56.2 (now Rule 1.306), "unlike Iowa's older 'long-arm' statute, section 617.3, . . . expands Iowa's jurisdictional reach to the widest due process parameters of the federal constitution").

> reasonably anticipate being haled into court there, and when maintenance of the suit does not offend traditional notions of fair play and substantial justice." By defendant's reasonable anticipation, we mean "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." We have set "a five-part test for measuring minimum contacts: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Factors one through three are primary. With respect to the third factor, we distinguish between specific jurisdiction and general jurisdiction. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'"

*Id.* (citations omitted); *see Wells Dairy, Inc.*, 607 F.3d at 518; *Steinbuch*, 518 F.3d at 585-86; *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006); *Epps v. Stewart Information. Servs. Corp.*, 327 F.3d 642, 648 (8th Cir. 2003); *Guinness Import Co. v. Mark VII Distributors, Inc.*, 153 F.3d 607, 613 (8th Cir. 1998); *Aylward v. Fleet Bank*, 122 F.3d 616, 618 (8th Cir. 1997); *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996).

The Eighth Circuit Court of Appeals has further instructed that:

> The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party of a third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the

>defendant himself that create a substantial connection with the forum State.

*Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693-94 (8th Cir. 2003) (citations omitted). "'Minimum contacts must exist either at the time the cause of action arose, the time the suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit.'" *Johnson*, 444 F.3d at 955-56 (quoting *Pecoraro v. Sky Ranch For Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003)). If the court determines that a defendant has the requisite "minimum contacts within the forum state, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)); *see Luv N. Care Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006) ("It remains for us to inquire whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. When a plaintiff makes its *prima facie* case that the defendant has 'minimum contacts' with the forum state, the burden of proof shifts to the defendant to show that the exercise of jurisdiction would be unreasonable." (citation and quotation omitted)). These other factors include:

> "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of the controversies," and the "shared interest of the several States in furthering fundamental substantial social policies."

*Burger King Corp.*, 471 U.S. at 476-77 (quoting *World Wide Volkswagen*, 444 U.S. at 292). "These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Id.* at 477. If, however, a defendant "seeks to defeat jurisdiction" when the defendant purposefully

"directed his activities at forum residents"—i.e., when minimum contacts are clearly established—the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.*

   4.   *Personal jurisdiction based on consent or waiver*

The court finds that it need not conduct a minimum contacts analysis in this case in order to determine whether the defendants are subject to personal jurisdiction in Iowa. The moving defendants do not assert that any current defendant is not subject to personal jurisdiction in the state of Iowa. In addition to the minimum contacts test, the Eighth Circuit Court of Appeals has recognized consent as another means to acquire personal jurisdiction over a non-resident defendant. *Sondergard v.. Miles, Inc.,* 985 F.2d 1389, 1394-95 (8th Cir. 1993); *Knowlton,* 900 F.2d. at 1199. CHR Hansen, ConAgra, and General Mills all have registered agents for service of process in Iowa. The Eighth Circuit Court of Appeals and other federal courts have exercised general jurisdiction on the basis that a registered corporation consents to jurisdiction, obviating the need for due process analysis. *See Sondergard,* 985 F.2d at 1393 ("[T]his court has presumed that service upon a company's registered agent is sufficient to confer jurisdiction."); *Knowlton*, 900 F.2d at 1199 (holding that "[o]ne of the most solidly established ways of giving such consent [to jurisdiction of a court] is to designate an agent for service of process within the State."); *Bane v. Netlink, Inc.,* 925 F.2d 637, 640-41 (3d Cir. 1991) (holding that registration constituted consent to suit on any cause of action); *see also Continental Casualty Co. v. American Home Assurance Co.,* 61 F. Supp. 2d 128, 129-30 (D. Del. 1999); *Wheeling Corrugating Co. v. Universal Constr. Co., Inc.,* 571 F. Supp. 487, 488 (N.D. Ga. 1983); *Sternberg v. O'Neil,* 550 A.2d 1105, 1113 (Del. 1988); *In re FTC Corporate Patterns Report Litig.,* 432 F. Supp. 274, 286 (D.D.C. 1977). Accordingly, because CHR Hansen, ConAgra, and General Mills all maintain registered agents for service of process in Iowa,

they have consented to jurisdiction here and all reside in Iowa for the purposes of § 1391(c).[4]

The United States Supreme Court has concluded that because the personal jurisdiction requirement recognizes and protects an individual liberty interest, it may be waived. *See Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 701-705 (1982). Here, all of the moving defendants have waived their right to contest personal jurisdiction in this case by not raising it in their current motions to dismiss. *See* FED. R. CIV. P. 12(h)(1)(a) (stating that a party waives "any defense listed in Rule 12(b)(2)-(5)" by omitting it in a prior 12(b) motion); FED. R. CIV. P. 12(g) (stating that a moving party that fails to include an available defense, such as lack of personal jurisdiction, may not make a subsequent motion based on the same defense except as provided in Rule 12(h)(2) or (3)); *see also Rice v. Nova Biomedical Corp.,* 38 F.3d 909, 914 (7th Cir. 1994) ("[T]he defendant must challenge personal jurisdiction at the earliest opportunity, on pain of forfeiture if he fails to do so.") (citing Rule 12(h)(1)).

---

[4] Iowa's law governing foreign corporations is almost identical to that of Minnesota and South Dakota, the state laws at issue in *Knowlton* and *Sondergard*. Like Minnesota and South Dakota, Iowa requires foreign corporations that wish to transact business in the state to acquire a certificate of authority from the secretary of state. IOWA CODE § 490.1501. In order to acquire a certificate of authority, a foreign corporation must provide, among other information, the address of its registered office in Iowa and the name of its registered agent at that office. IOWA CODE § 490.1503(e). Iowa law states that "a registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on a foreign corporation." IOWA CODE § 490.1510(1).

### *III. CONCLUSION*

For the reasons discussed above, the court finds that venue in the United Stated District Court for the Northern District of Iowa is proper pursuant to 28 U.S.C. § 1391(a)(1). Accordingly, the moving defendants' motions to dismiss are denied.

**IT IS SO ORDERED.**

**DATED** this 25th day of March, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA